IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SULYAMAN WASALAAM,                )
                                  )
            Plaintiff,            )
                                  )
     v.                           )     1:16CV1068
                                  )
DETECTIVE CHRIST YOUNG, et al.,   )
                                  )
            Defendant(s).         )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Sulyaman Wasalaam, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names Detective Christ Young of the Laurinburg Police Department, Laurinburg Chief of Police Daryl Williams, "Scotland County and City of Laurinburg Police Department Detention Center," and Scotland County Sheriff Ralph Kersey as Defendants. Plaintiff contends in conclusory and confusing allegations, which the Court will discuss in more detail below, that at least Defendant Young violated his constitutional rights in several ways.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim

upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

Turning first to Defendants Kersey and Williams, Plaintiff states no claim for relief whatsoever against these two persons. He lists them as Defendants in § IV(B) of the Complaint, but then fails to mention them again in the Complaint. He sets out absolutely no factual allegations against them whatsoever. Plaintiff's current Complaint is the fourth filing by Plaintiff in this Court to list Kersey and Williams as Defendants without making any factual allegations against them. See Wasalaam v. Young, 1:15CV734, Wasalaam v. Young, No. 1:15CV642, and Wasalaam v. Sheriff Ralph Kersey, No. 1:15CV556. The Court dismissed the earliest two of those cases without prejudice while instructing Plaintiff that he must name the persons who he alleges violated his federal rights and set out facts explaining how they allegedly did so. It dismissed the third with prejudice partly because Plaintiff again named these Defendants without stating any claims against them. Despite this, Plaintiff continues in the present case to list Kersey and Williams as Defendants without making any allegations against them. It remains clear that Plaintiff either cannot or will not do so. Therefore, the Complaint should be dismissed as to these Defendants.

Plaintiff does set out a series of factual allegations in § V of the Complaint and appears to tie at least some of them to Defendant Young. He claims: 1) "entrapment Detective Christ Young wife alleged distributor that same day (excessive bail)"; 2) "Detective Christ Young injected his on [sic] wife into my bond hearing by solictor [sic] Ashley Wellman: cruel and unusual punishment"; 3) while Plaintiff was being arrested by an unidentified member of the Laurinburg Police Department "Detective Christ Young pulled up[,] rolled down window [and] smirk [sic] at [Plaintiff]"; and 4) that other officers arrested

Plaintiff after Defendant Young smirked at him. In the end, these allegations are simply incomprehensible and they allege no claim for relief against Defendant Young. The Complaint also includes other allegations, some of which may possibly also relate to Defendant Young. However, they are no more comprehensible than those just set out and do not state any viable claim for relief. The three previously-noted prior complaints by Plaintiff also lacked coherence. Despite the opportunity to remedy those deficiencies, he still fails to state any coherent claim for relief and the Complaint should be dismissed as to Defendant Young.

Finally, Plaintiff names "Scotland County and City of Laurinburg Police Department Detention Center" as a Defendant. This appears to be a non-existent entity, but may also be multiple entities or a building. In any event, only persons can be named as proper Defendants under § 1983 and this does not appear to be a person. Moreover, Plaintiff sets out no allegations pertaining directly to this entity or entities. Any potential liability would necessarily rely on Plaintiff's allegations against the other Defendants in the Complaint, but Plaintiff fails to state any claim against them, as discussed above. His Complaint should be dismissed in its entirety.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $2.67. Failure to comply with this Order will lead to dismissal of the complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $2.67.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of October of 2016, and thereafter each time that the amount in the account exceeds $10.00 until the $400.00 filing fee has been paid.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

This, the 23rd day of August, 2016.

      /s/ L. Patrick Auld
      **L. Patrick Auld**
      **United States Magistrate Judge**